# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA SORGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0297-DRH-SCW |
| | ) |
| CALVARY PORTFOLIO SERVICES, LLC, CALVARY SPVI, LLC, and LAW OFFICE OF KEITH S. SHINDLER, LTD., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On April 13, 2011, Plaintiff Tina Sorge ("Ms. Sorge") filed her Complaint alleging violations of the Fair Debt Collections Practices Act ("FDCPA"). 15 U.S.C. § 1692 *et seq.* Now before the Court is Defendants' Motion to Stay Discovery Pending the Determination of Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 27). Upon further consideration, and after consulting with District Judge Herndon, Defendants' motion is hereby **GRANTED**.

A court possesses inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (citations omitted). Incidental to this power is the discretion to stay proceedings. *Id.* at 254. Moreover, in general, courts enjoy very broad discretion in controlling discovery, including limiting its scope, timeframe and sequence. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002); *see also* Fed. R. Civ. P. 26(c) and (d).

Here, the balance of factors weighs in favor of staying discovery pending the resolution of Defendants' Motion to Compel Arbitration. First, this case is still relatively new and the current discovery deadline is not until February 5, 2012. Accordingly, Ms. Sorge will not be unduly prejudiced by a short delay in the initiation of discovery. Second, as Defendants note, because the rules governing discovery in arbitration proceedings differ significantly from the Federal Rules of Civil Procedure, if their Motion to Compel Arbitration is granted much, if not all, of the discovery in this case would be superfluous; an unnecessary burden and expense.

In light of the foregoing, Defendants' Motion to Stay Discovery (Doc. 27) pending the District Court's resolution of their Motion to Compel Arbitration is hereby **GRANTED**. Accordingly, all discovery in this matter is hereby **STAYED** until the Motion to Compel Arbitration (Doc. 11) is resolved. If the Motion to Compel Arbitration is denied, then Defendants **SHALL** file their responses to Ms. Sorge's discovery requests within fourteen (14) days of the District Court's Order being filed.

**IT IS SO ORDERED**.

DATED August 30, 2011.

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge